# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50225 | **DATE** | 6/20/2012 |
| **CASE TITLE** | Franzen vs. City of Rockford | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss is granted as to the federal constitutional claims. Because the federal claim has been dismissed, this matter is remanded to state court on the remaining state constitutional claim.

*Philip G. Reinhard*

■[ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

    Plaintiff, William S. Franzen, brings this action against defendant, City of Rockford, alleging defendant's noise ordinance ("Ordinance"), which provides for impoundment of an alleged violator's motor vehicle, is unconstitutional and that the impoundment of his vehicle, under the provisions of the Ordinance, was an unconstitutional deprivation of his property without due process of law. Plaintiff challenges the Ordinance under both the U.S. and Illinois Constitutions. The action was originally filed in state court and removed by defendant. Jurisdiction is proper because this case raises a federal question. 28 U.S.C. § 1331. Defendant moves to dismiss this action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b) (6). [1]

    Plaintiff alleges his motor vehicle was impounded by defendant, pursuant to the Ordinance, for playing the car radio too loud. He was forced to pay $477.00 consisting of a storage fee of $152.00, a release fee of $40.00, a city bond fee of $150.00 and a tow bill of $35.00 to get his vehicle back. [2] He alleges there were no emergency or special circumstances to warrant an immediate seizure and impoundment of the vehicle and that the Ordinance is defective because it allows seizure of a vehicle without the existence of an emergency as punishment for an ordinance violation.

    The Ordinance provides no person shall operate any device used to receive broadcast sound or reproduce any recorded sound in a motor vehicle on a public way where the sound can be heard from 75 feet or more from the device. ROCKFORD, IL., CODE § 17-27. A motor vehicle used in violation of Section 17-27 is declared a public nuisance and is subject to impoundment. Id., § 17-28 (a) & (b). "Whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle by a city police department contracted impound towing service. When the vehicle is towed, the police officer shall notify the person in control of the vehicle at the time of the alleged violation of the seizure and of the vehicle owner's right to request a preliminary hearing under this section." Id., § 17-28 (c). Within 12 hours of the seizure, the owner may request a preliminary hearing. Id., § 17-28 (d). The vehicle shall be impounded pending completion of the hearing unless the owner posts $150 cash bond and pays for the towing and storage of the vehicle. Id., § 17-28 (c) (1).[3]

    After the preliminary hearing, if the hearing officer determines there is no probable cause the vehicle will be returned. If the hearing officer finds probable cause, then the hearing officer shall order the continued impoundment of the vehicle unless the owner posts $150 cash bond plus fees for the towing and storage of the vehicle. Id., § 17-28 (d).

**STATEMENT - OPINION**

  Whether or not the owner requests and has a preliminary hearing, the owner may request a final hearing on the merits. The defendant must notify the owner within 10 days of the seizure and impoundment of the right to request such a hearing and the owner has 15 days from the mailing or personal service of the notice to request such a hearing. Id., § 17-28 (e). If the hearing officer determines by a preponderance of the evidence that the vehicle was used in the violation of the Ordinance, then the vehicle will continue to be impounded until the owner pays an administrative penalty of $150 plus towing and storage of the vehicle. Id., § 17-28 (g). If a bond has been previously posted, it shall be applied to the penalty. Id. If the hearing officer determines the vehicle was not used in the commission of such a violation, the vehicle or cash bond will be returned to the owner and the city shall be liable for the towing and storage fees. Id.

  If the owner does not request a final hearing and does not pay the $150 administrative penalty plus towing and storage within 30 days of the seizure, the vehicle may be deemed abandoned and may be disposed of by defendant. Id., § 17-28 (h). After a final hearing, if the owner does not reclaim the vehicle within 30 days after the time for seeking judicial review of the defendant's action under the Ordinance, the vehicle may be disposed of as an unclaimed vehicle as provided by law. Id.

  In a nutshell, if one of defendant's police officers believes a person is violating the Ordinance, the officer can seize and impound the person's vehicle and the person must pay $150 (either as a bond or as an administrative penalty) plus towing and storage fees to get it back unless the person requests and prevails at either a preliminary or final hearing. The vehicle remains impounded until payment is made or a hearing ends in the owner's favor.

  Plaintiff contends the procedures established in the Ordinance violate the United States and Illinois Constitutions. Plaintiff argues that the Ordinance's use of a completely subjective standard (an officer's determination that the car radio was heard 75 feet or more from the car) is unconstitutionally vague in light of modern technology's ability to measure decibel levels. He maintains the Ordinance must have stated decibel levels at which a violation occurs in order for the Ordinance to be valid. Plaintiff also argues that a loud car radio does not create "an extraordinary situation" where a valid governmental interest allows postponing the hearing until after the seizure has occurred. Plaintiff contends the impoundment of a vehicle for a noise violation is an impermissible punishment by the executive branch without a trial by the judicial branch.

  "The void for vagueness doctrine rests on the basic due process principle that a law is unconstitutional if its prohibitions are not clearly defined." Hegwood v. City of Eau Claire, 676 F.3d 600, 603 (7th Cir. 2012). "The due process clause, though, does not demand perfect clarity and precise guidance." Id. (internal quotation marks and citation omitted). Plaintiff argues that use of the 75-foot standard is archaic because decibel levels are capable of precise measurement with modern technology. Archaic or not, the standard is not vague. Hearing a sound from a distance of 75 feet or greater is a precise standard. Either it is audible from that distance or it is not.[4] Plaintiff's problem with the standard is his perception that it is subject "to the whim and acuteness" of an individual's hearing. But, this is not a matter of vagueness. The Ordinance is very clear in what it prohibits and is not unconstitutionally vague.

  Plaintiff argues Fuentes v. Shevin, 407 U.S. 67 (1972) compels invalidation of the Ordinance. He contends the Ordinance does not deal with one of the "extraordinary situations" recognized in Fuentes that justify a seizure of property without the opportunity for a prior hearing. Fuentes identifies three factors present in such situations: 1) the seizure was directly necessary to secure an important governmental or general public interest; 2) there is a special need for very prompt action; and 3) the person initiating the seizure is a governmental official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance. Id. at 91. Plaintiff maintains the Ordinance fails the "special need for very prompt action" requirement under Fuentes because the Ordinance relies on "the subjective opinion of an individual to attempt to quantify volume and distance of a sound system." According to plaintiff, the Ordinance "must have stated decibel levels which constitute a violation" to be valid.

  Plaintiff cites no cases requiring the use of a decibel-based standard and the court did not find any. As noted above, distance-based restrictions are common. Plaintiff has not shown the U.S. Constitution compels a decibel-based standard.

  Plaintiff also argues no important governmental interest is at stake because defendant "treats its interest in loud sound systems as minimal in that the officer impounding the car does not have to issue a ticket for violating the ordinance." The Ordinance provides for a $150 administrative penalty and impoundment. Why the failure to require

**STATEMENT - OPINION**

an additional citation (and presumably a fine) is evidence of the unimportance of the interest is not explained.

Plaintiff argues the Ordinance lacks adequate due process protections. Defendant does not contest that "the use of one's automobile, even for a short period of time, is a property right protected by the Due Process Clause." Towers v. City of Chicago, 173 F.3d 619, 628 (7th Cir. 1999). Does the Ordinance provide due process for the deprivation of that right?

Plaintiff argues the Ordinance is deficient because it fails to provide any type of bond for weekends or holidays and requires a request for hearing to be made in the drop box behind city hall which "means you are at the whim of the government who may eventually get around to providing due process." He contends the Ordinance does not state who to pay on weekends or holidays and questions the lack of providing a preliminary hearing on weekends or holidays.

Exhibit B to plaintiff's complaint is the notice of violation and vehicle impound issued by defendant's police officer to plaintiff at the time of the impoundment. It contains this statement: "THIS VEHICLE MAY BE RETRIEVED IMMEDIATELY UPON PAYMENT OF TOWING AND STORAGE PLUS CASH BOND FROM GREATER ROCKFORD AUTO AUCTION." It clearly directs plaintiff where to go to pay and retrieve his vehicle. Weekends are not excluded from this retrieval option. The ordinance provides for a preliminary hearing to be conducted "within 72 hours after said seizure, excluding weekends and holidays." ROCKFORD, IL., CODE § 17-28 (d). The combination of a procedure where the owner can immediately recover a vehicle by posting a bond and subsequently have a prompt post-seizure hearing meets the requirements of due process. See Breath v. Cronvich, 729 F.2d 1006, 1011 (5th Cir. 1984); Lowery, supra, at slip op. 14; Towers v. City of Chicago, 979 F. Supp. 708, 715-16 (N.D. Ill. 1997). The Ordinance adequately provides due process protection.

For the foregoing reasons, defendant's motion to dismiss is granted as to the federal constitutional claims. Because the federal claim has been dismissed, this matter is remanded to state court on the remaining state constitutional claim.

1. Defendant does not make any reference in its motion to dismiss to the Illinois Constitutional claim raised in plaintiff's complaint. Plaintiff commented on this omission in his response and defendant has not attempted to raise it in its reply.

2. These component costs only add up to $377.00 but it appears from a copy of the Impounded Vehicle Report attached to the complaint that plaintiff was charged an additional $100.00 impound fee.

3. The bond amount/administrative penalty amount goes up for subsequent violations within a two year period ($300 for a second offense and $750 for each subsequent offense) but the court will use the $150 amount that was applied to plaintiff for ease of discussion.

4. Ordinances imposing distance-based noise restrictions are common. See Lowery v. City of Rock Island, No. 01-4004, at slip op. 1 (C.D. Ill. June 19, 2003) (upholding 75-foot noise restriction against vagueness and First Amendment challenges); People v. Arguello, 765 N.E.2d 98, 102 (Ill. App. 2002) (upholding 75-foot noise restriction against First Amendment challenge and collecting cases similarly upholding various distance based restrictions varying from 30 feet to 100 feet).